# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARK WALTERS | § | |
| | § | |
| V. | § | A-16-CV-383-LY |
| | § | |
| SENTRY LINK, LLC | § | |

## ORDER

Before the Court are Defendants' Motion to for Sanctions and, in the alternative, Motion to Compel (Dkt. No. 17); Plaintiffs' Response (Dkt. No. 18); and Defendant's Reply (Dkt. No. 19). The District Court has referred all motions in the above case to the undersigned Magistrate Judge.

## I. BACKGROUND

Plaintiff Mark Walters filed this action against Sentry Link, LLC, bringing claims for negligence, promissory estoppel, and violations of the Fair Credit Reporting Act, Texas and Business Commerce Code, and Texas Deceptive Trade Practices Act. The case proceeded through discovery, which closed on December 18, 2017.

Beginning in June 2017, Sentry Link began attempting to contact Walters regarding a date for him to be deposed. Over the course of five months, Walters failed to respond to eleven emails sent by Sentry Link's counsel. Dkt. No. 17 at 3 n.1. Thus, in November, Sentry Link set a date of December 8, 2017, for Walter's deposition, sending notice by email and certified mail. According to Walters, he has had difficulties receiving certified mail, and thus never received the notice by mail. He does not assert that he never received the notice by email. He then failed to appear for his scheduled deposition. At the same time, Sentry Link also sent discovery requests to Walters on October 27, 2017—by email—and Walters sent his responses on November 27. Sentry Link files

this motion asking for sanctions, or in the alternative, to compel Walters' deposition and substantive responses to Sentry Link's discovery requests.

## II. ANALYSIS

Sentry Link first requests that the Court dismiss Walters' Complaint with prejudice due to his alleged willful failure to appear for his scheduled deposition. Further, Sentry Link asks for the reasonable costs and fees associated with the scheduled deposition and the preparation of this motion. Sentry Link alternatively requests that the Court order Walters to appear for a newly scheduled deposition. Lastly, Sentry Link moves to compel substantive responses to its requests for production and interrogatories.

**A.     Motion for Sanctions**

Sentry Link moves for discovery sanctions under FED. R. CIV. P. 37. Rule 37(b)(2) permits "the court where the action is pending" to "dismiss[] the action or proceeding in whole or in part" when a party "fails to obey an order to provide or to permit discovery." Under Rule 37, the district court has broad discretion in determining the appropriate sanctions for a party who fails to comply with court orders. *See, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012); *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993). In deciding whether to dismiss a cause of action as a sanction under Rule 37, the Fifth Circuit has delineated the following principles: (1) "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) "the violation of the discovery order must be attributable to the client instead of the attorney"; (3) "the violating party's misconduct must substantially prejudice the opposing party;" and (4) "dismissal is usually improper if a less drastic sanction would substantially

achieve the desired deterrent effect." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (internal quotations and citations omitted). In addition, the court may "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(C).

Walters maintains that he never received notice of the deposition by certified mail. Notably, Walters claims he knew he was having difficulties receiving certified mail, yet he never appears to have informed opposing counsel of this fact. Moreover, Walters never alleges that he did not receive the emails sent by opposing counsel. In fact, he responded to emails sent by Mr. Hensley, including responding to discovery requests served by email. Instead, Walters appears to have chosen to ignore emails sent by Mr. Hicks, contending that he had previously informed Sentry Link that he would only speak with Mr. Hensley. Walters cannot unilaterally decide how the defendant staffs its case. Thus, refusing to speak with a certain attorney is not a valid basis for failing to respond to discovery.

Walters next argues that the motion for sanctions was untimely. Discovery closed on December 18, and Sentry Link filed its motion on December 21, three days after the discovery deadline. The Local Rules require that all discovery motions be filed by the discovery deadline unless they are filed within seven days of the deadline and pertain to discovery disputes that occurred during the final seven days of discovery. Here, the deposition was scheduled for December 8, 2017, ten days before the discovery deadline. This would, by the Local Rules, make the motion untimely. However, the Court finds that the short delay in filing the motion did not prejudice Walters and should be excused. First, Sentry Link did not receive the deposition certification until the final day of discovery. Moreover, a mere three day delay in filing the sanctions motion did not prejudice

3

Walters, especially in light of Walters' failure to respond to opposing counsel over a period of five months. Thus, this argument fails.

Additionally, the Court finds Walters' argument that the deposition notice was untimely to be particularly specious. He asserts that because he has thirty days to review the deposition transcript, any deposition should have been scheduled more than thirty days before the discovery deadline. Not only is this an incorrect reading of the rule, Walters' argument ignores the fact that Sentry Link began attempting to schedule his deposition in June (six months before the deadline) and it was *his* failure to respond that resulted in the deposition being scheduled in December. Thus, his argument that "Defendant's lack of case management should be of no reason to sanction Plaintiff" is frivolous, at best.

Therefore, the Court finds that Walters should be sanctioned for his willful failure to appear for his scheduled deposition. However, dismissal with prejudice is a "draconian remedy" and should not be taken when a less drastic sanction would serve. *Conner*, 20 F.3d at 1380 (stating that dismissal with prejudice is a "remedy of last resort"). Sentry Link asserts that Walters was on notice that failure to cooperate with counsel would result in sanctions, including dismissal, pointing to the warnings given by Judge Yeakel at the initial pre-trial conference. Thus, it argues, dismissal with prejudice is warranted here. Though Walters clearly acted willfully, and his failure to communicate with counsel prejudiced the defendant, the Court finds that lesser sanctions would achieve the desired effect in this instance. Thus, Walters will be fined the reasonable costs and fees associated with the missed deposition and preparation of this motion. Further, Walters will be ordered to appear for a deposition, on the terms set forth below. Lastly, the Court **WARNS** Walters that failure

to cooperate with opposing counsel in the future **will** result in his case being dismissed with prejudice.

**B.     Motion to Compel**

Sentry Link additionally moves to compel discovery responses to its requests for production and interrogatories. Sentry Link first argues that Walters failed to respond timely to its requests for production and interrogatories. Sentry Link notes that it sent its requests on October 27, and Walters did not respond until November 27. Responses are due within thirty days of receiving the requests, and thirty days expired on November 26, one day before Walters responded. Thus, Sentry Link argues, Walters' objections to the requests should be waived. November 26, 2017 was a Sunday, and more specifically, the Sunday after Thanksgiving. Even if November 26 had been a "regular" Sunday, the fact that the deadline fell on a Sunday means that it was extended to "the next day that is not a Saturday, Sunday or legal holiday." FED. R. CIV. P. 6(a)(1)(C). Walters responses were timely. Even if they had been a day late, striking all of his objections would not have been justified, particularly in light of the Court having overlooked Sentry Link's slight tardiness with its motion for sanctions.

Sentry Link also argues that Walters failed to produce any responsive documents, and his objections were frivolous. Rule 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Rule 34. FED. R. CIV. P. 37(a)(3)(B)(i)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). The party resisting discovery must show specifically how each discovery request

5

is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Here, Sentry Link argues that Walters provided only boilerplate and improper objections, and gave incomplete responses to the interrogatories and requests for production.[1] Walters argues that he has responded to the requests, pointing to 200 pages that he submitted as initial disclosures. First, Walters' responses to interrogatories and requests for production rely on general objections, which are not permitted under the version of the Federal Rules adopted in 2015. *See, e.g.,* FED. R. CIV. P. 33(b)(4). The Court therefore **STRIKES** the general objections. Second, the documents provided as initial disclosures are not responses to requests for production and interrogatories. Interrogatories require a narrative response, in addition to the document production; the requests for production require, at a minimum, that Walters indicate which documents are responsive, and to make them available for review and copying. Walters did not specify whether any documents were being withheld based on his objections, which violates FED. R. CIV. P. 34(b)(2)(C) ("an objection must state whether any responsive materials are being withheld on the basis of the objection"). Finally, Walters has made a number of objections stating that the requests are not relevant, they are vague and ambiguous, or are overly broad and unduly burdensome. Dkt. No. 17 at 62–67, 73–77.[2] However, the burden is on the party refusing to produce discovery to show why he should not be

---

[1] Walters also responds to this argument, contending that Sentry Link's requests are boilerplate and identical to ones provided in another case in which Walters is a plaintiff. This argument is meritless. If the requests are identical, then it is because the claims in the cases are nearly identical.

[2] Relevance: RFP Nos. 5, 6, 9, 10, Int. Nos. 1, 3, 4, 7, 8, 9, 13, 14 and Employment Records Release Authorization. Ambiguous: RFP Nos. 3, 4, 5, 6, 13; Int. No. 5. Burdensome: RFP Nos. 4, 5, 6, 13; Int. Nos. 2, 5, 6, 10, 11, 12, 15.

required to respond to each request. Walters has completely failed to do so, arguing instead that his production of 200 pages is sufficient. The Court disagrees. Therefore, the Court **GRANTS** Sentry Link's Motion to Compel (Dkt. No. 7).

### III. CONCLUSION

In accordance with the foregoing discussion, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Sanctions (Dkt. No. 17). The Court **ORDERS** Plaintiff Mark Walters to appear for his deposition on a date to be scheduled by the Defendant at least ten days in advance of the deposition, and no later than March 16, 2018.

The Court **FURTHER ORDERS** that Mark Walters pay to Sentry Link LLC the costs and fees Sentry Link incurred for the missed deposition and in filing this motion. Sentry Link shall submit a pleading containing a declaration detailing these fees no later than February 23, 2018, and Walters shall file any objection to that filing no later than March 2, 2018.

All other relief requested in the Motion for Sanctions (Dkt. No. 17) is **DENIED.**

Finally, the Court **GRANTS** Defendant's Motion to Compel (Dkt. No. 7). Plaintiff's general objections to the requests for production and interrogatories are **STRICKEN** and he is **ORDERED** to serve substantive responses to all of Defendant's Requests for Production and Interrogatories no later than February 23, 2018. The Court **WARNS** Plaintiff that continued failure to respond to opposing counsel and cooperate in discovery will likely result in the dismissal of this suit.

SIGNED this 9th day of February, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE