# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARK WALTERS | § | |
| | § | |
| V. | § | A-16-CV-383-LY |
| | § | |
| SENTRY LINK, LLC | § | |

## ORDER

Before the Court are Defendants' Motion for Attorney's Fees (Dkt. No. 27); Plaintiffs' Response (Dkt. No. 31); and Plaintiff's Motion to Vacate Sanctions (Dkt. No. 33). The District Court has referred all motions in the above case to the undersigned Magistrate Judge.

On February 9, 2018, this Court granted in part Sentry Link's Motion for Sanctions (Dkt. No. 26) and ordered payment of attorney's fees and costs reasonably incurred in preparing the motion for sanctions and to compel. FED. R. CIV. P. 37(a)(5)(A). The Court then ordered Sentry Link to file its request for attorney's fees, which Sentry Link did on February 23, 2018. Dkt. No. 27. In this motion, Sentry Link requested $7,057.00 in attorney's fees for preparation of the above motion, $250.00 for the cost of the missed deposition, and an additional $465.50 in attorney's fees to draft the instant motion. Dkt. No. 27 at 4–5. Attached to counsel's affidavit are the hourly logs and videographer bill. *Id.* at 6–7.

Walters responded to this motion with two arguments, neither of which are persuasive. First, Walters points to a mistake in Sentry Link's calculation of attorney's fees. The total for attorney's fees owed, as shown on the hourly log, amounts to $7,159.00, not $7,057.00. Dkt. No. 31 at 2; Dkt. No. 27 at 6. It appears that a single entry for $102.00 was inadvertently excluded from the total. *Id.* (showing an entry on December 20, 2017 for $102.00 to "[r]eview Plaintiff's Second Supplemental Disclosures"). Walters absurdly argues that this is perjury, and requires this Court to deny the motion

entirely. However, a mere miscalculation in adding the fees is clearly not a reason to deny the attorney's fees requested.

Walters also points to three specific line items that he argues should not be included in the total. The first was for counsel to attend the deposition that Walters missed. Walters argued that billing 1.5 hours to wait for him to appear at the scheduled deposition is excessive. Not only is this time not excessive, it is incredible that Walters should object to attorney's fees during the missed deposition that is nearly the entire basis for the order for discovery sanctions. Similarly, Walters' objection to the time used to review the second supplemental disclosures fails. Merely because the disclosures were not specifically mentioned in the motion to compel does not mean that review of the documents was not relevant to the preparation of the motion. And the fact that they were reviewed two days after being received is clearly not a valid objection. Finally, Walters objects to Sentry Link's request for attorney's fees incurred in preparing the instant motion. Here, Sentry Link did not file the hourly logs for these particular times. However, the affidavit clearly states the number of hours each attorney spent preparing the motion, and Walters has not argued that the amounts were excessive.

Finally, Walters filed an additional motion seeking to vacate this Court's award of sanctions. Dkt. No. 33. Walters again made the allegations that the attorney's fees miscalculation was perjury, which as discussed above, is frivolous. He additionally points to a statement Sentry Link made in its motion, which claimed that "Plaintiff informed Defendant's counsel that Plaintiff does not intend to pay the attorneys' fees awarded in the Court's February 9, 2018 Order." Dkt. No. 27 at 5. Here, Walters argues that, not only is this statement false, but it was made with malice, and should be the basis for sanctions against Sentry Link. However, this allegedly false statement is not related to this

Court's sanction of Walters for his failure to appear at the scheduled deposition, and is not a reason to vacate the discovery sanctions. In this motion, he has not presented any valid reasons for this Court to vacate its earlier discovery sanctions against Walters.

Walters also appears to request sanctions against Sentry Link for its alleged false statement. However, a party may not file a motion for sanctions under Rule 11 without first serving the motion on the offending party and then giving their opponent 21 days to withdraw the offending pleading. FED. R. CIV. P. 11(c)(2). This "safe harbor" provision gives the party "an opportunity to withdraw or correct the offending contention." *Elliott v. Tifton*, 64 F.3d 213, 216 (5th Cir. 1995). The "plain language of the rule indicates that this notice and opportunity prior to filing is mandatory." *Id.* Here, Walters filed this motion only eight days after the affidavit was filed with the motion for attorney's fees. Thus, it is clear that Walters has not complied with the twenty-one day safe-harbor, and his request for sanctions must be denied.

Accordingly, the undersigned **GRANTS** Sentry Link's Motion for Attorney's Fees (Dkt. No. 27), and **ORDERS** Walters to pay Sentry Link's reasonable attorney's fees and costs in the amount of $7,874.50.[1] Further, the Court **DENIES** Walters' Motion to Vacate Sanctions (Dkt. No. 33).

SIGNED this 9th day of May, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] This amount includes the $102.00 that was excluded from the total provided in the affidavit. It is clear that this amount was merely inadvertently omitted.