# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARK WALTERS | § | |
| | § | |
| v. | § | A-16-CV-383-LY |
| | § | |
| SENTRY LINK, LLC | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Summary Judgment (Dkt. No. 20); Plaintiff's Response (Dkt. No. 21); and Defendant's Reply (Dkt. No. 25); and Plaintiff's Motion to Strike (Dkt. No. 21).[1] The District Court referred the above-motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Mark Walters brings this suit against Sentry Link, LLC for promissory estoppel, negligence and gross negligence, and violations of the Fair Credit Reporting Act (FCRA), TEX. BUS. & COMMERCE CODE § 20.06, and Texas Deceptive Trade Practices Act (DTPA). In December 2015, Walters was allegedly denied a consulting contract with a "Fred Lewis" of Kava Kava Austin due to an allegedly inaccurate criminal background report performed by Sentry Link. Following the denial of the contract, Walters filed a written dispute to Sentry Link stating that the background

---

[1]Walters seeks to strike Sentry Link's entire Motion for Summary Judgment, or at least all of the exhibits, because one of the pages failed to redact his social security number. In response, Sentry Link filed a motion to replace the single page, which this Court granted. As such, Walters' Motion to Strike (Dkt. No. 21) is **DENIED**.

check contained inaccurate information. He delineated several alleged errors directly on the report, and requested a reinvestigation of the information. Sentry Link responded, and sixteen days later produced a revised report, but according to Walters, it still contained the same alleged inaccuracies as the original report.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. ANALYSIS

Walters brings claims under the FCRA, for failure to reinvestigate his criminal background report and failure to include the notices required by law, as well as the TEX. BUS. & COMM. CODE and DTPA for the same violations. He additionally alleges claims for negligence, gross negligence, and promissory estoppel. Sentry Link filed this motion for summary judgment seeking dismissal of Walters' claims.

**A.     Reinvestigation Claims**

15 U.S.C. § 1681i(a) provides that if a customer disputes the

> completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency . . . the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

If the consumer reporting agency willfully or negligently fails to comply with this provision, the agency is liable to the plaintiff for either actual damages suffered as a result of the failure, or statutory damages. *Id.* §§ 1681n & 1681o. To demonstrate a claim under § 1681i(a), a plaintiff must show that: (1) his consumer report contained inaccurate information; (2) he disputed the accuracy of the information, either directly or indirectly through a reseller, (3) the credit reporting agency (CRA) failed to conduct a reasonable reinvestigation free of charge and either record the current

status of the disputed information or delete the item from the file; (4) the CRA's noncompliance was negligent or willful; (5) the plaintiff suffered an injury; and (6) the injury was caused by the CRA's failure to reinvestigate. *Saunders v. Equifax Info. Servs. LLC*, 2017 WL 3940942, at *3 (W.D. Tex. Aug. 3, 2017) (citing *Norman v. Experian Info. Sols., Inc.*, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013). Any violations of § 1681i require a showing that, at a minimum, the consumer report contained inaccurate information. *Id.* (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000)); *see also Walters v. Certegy Check Servs., Inc.*, 2018 WL 1278212, at *4 (W.D. Tex. Mar. 11, 2018).

Walters has consistently failed to produce any evidence—aside from his own assertions in his declaration—to support his claims. First, Walters has not presented any evidence that the criminal background report was inaccurate. He merely submitted a declaration stating that it was inaccurate, without pointing out what in the report was not correct. Dkt. No. 22-5 at 3. The only other evidence that he submitted was the report itself, with marginal annotations of the alleged inaccuracies.[2] Dkt. No. 22-3. This is clearly insufficient to show that the report was inaccurate,

---

[2]These inaccuracies are: (1) that several dates in the report are incorrect, (2) that one report listed the wrong conviction, and (3) that the report included convictions older than seven years in violation of Texas state law. For the first two, he provided no evidence that the dates were actually incorrect or that the conviction was wrongly recorded. For the last, it is unclear whether these inclusions are actually inaccurate under the FCRA. While a Texas statute mandates that a conviction more than seven years old is prohibited from disclosure, the FCRA explicitly does not include such a limit. *See* 15 U.S.C. § 1681c (prohibiting disclosure of "[a]ny other adverse item of information, *other than records of convictions of crimes* which antedates the report by more than seven years") (emphasis added); 15 U.S.C. § 1681t(b)(1)(E) ("No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681c of this title, relating to information contained in consumer reports . . . ."); *Simon v. Directv, Inc.*, 2010 WL 1452853, at *4 (D. Colo. Mar. 19, 2010) (finding a state statute that prohibited disclosure of convictions more than seven years old was preempted by the FCRA). However, because neither party briefed this issue and there is a complete lack of case law directly on point, it does not form the basis of this opinion. Instead, this merely goes to the fact that Walters has consistently failed to include any evidence that the report was inaccurate.

which is a threshold argument for a reinvestigation claim. *See Certegy Check Servs.*, 2018 WL 1278212, at *4. Further, there are inconsistencies in Walter's own statements regarding how the events transpired. He first claimed that he "received a copy of the criminal background screening report from Defendant *after* he was denied the consulting contract." Dkt. No. 14 at 3. Similarly, Walters' declaration submitted to Sentry Link in discovery stated that the prospective employer decided not to hire Walters prior to the reinvestigation. Dkt. No. 25-1 at 6. However, in the declaration provided to the Court in Walters' response—supposedly signed the same day—Walters states that the employer agreed to wait until the reinvestigation was completed before making his hiring decision. Dkt. No. 22-5 at 3.

Walters argues in his response that (1) Sentry Link did not challenge Walters' claim that his background report contained inaccurate information, and (2) Sentry Link did not produce any evidence of the report's accuracy. To the first argument, Sentry Link clearly argued that Walters had failed to produce evidence of the report's inaccuracy. To the second, the plaintiff has the burden to prove each element of his claim; it is not the defendant's duty to disprove one of the elements unless the plaintiff has presented evidence supporting it. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("Instead, as we have explained, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). Sentry Link has pointed out that Walters failed to provide any evidence supporting his claim that the report was inaccurate, and Walters responded only with conclusory assertions, which are not competent summary judgement evidence. He therefore cannot sustain a claim under § 1681i(a).

Even were this Court to find that there was a genuine issue of material fact as to whether the report contained inaccuracies, Sentry Link argues that it is not a CRA under the Act, but is instead a "reseller" not subject to the reinvestigation provisions. A reseller is a CRA that:

> assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party . . . and . . . does not maintain a database of the assembled or merged information from which new consumer reports are produced.

15 U.S.C. § 1681a(u). Here, Sentry Link has presented evidence that it is a "reseller" under the FCRA, including an email from Backgroundcheck.com after that company completed the reinvestigation, and a form for "Reseller Request for Reinvestigation" on which Sentry Link provides notice of Walter's dispute. *See* Dkt. No. 20-1 at 34–36 (providing the Sentry Link's "Reseller Request [to Backgroundcheck.com] for Reinvestigation" of Walters' report); Dkt. No. 22-8 at 17–18 (showing emails between the CRA and Sentry Link about the reseller request). Walters has not presented any evidence to rebut this assertion.

A reseller is governed by the requirements of § 1681i(f), not § 1681i(a), under which a CRA's duty to reinvestigate is included. § 1681i(f) does not require the reseller to reinvestigate the claims itself, and provides no liability for this, but instead requires that the reseller (1) determine whether the reporting errors were made by the reseller, and if not (2) notify the CRA of the dispute. 15 U.S.C. § 1681i(f)(2). Sentry Link provided evidence that it notified Backgroundchecks.com of the dispute, and requested a reinvestigation. Dkt. No. 20-1 at 34–36. Sentry Link then provided notice to Walters of the reinvestigation and supplied him with the revised report. *Id.* at 56. In fact, in each of the declarations, Walters states that 'Sentry Link reinvestigated the inaccuracies that I outlined for them and emailed me the results." Dkt. No. 22-5 at 3; Dkt. No. 25-1 at 6. The fact that

the reinvestigation did not make any of the changes that Walters requested is not evidence that Sentry Link failed to perform its duties under the statute.

Similarly, Walters' claims under § 1681e(b) also fail. That statute requires that "[w]henever a *consumer reporting agency* prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added). Sentry Link has shown that it is a "reseller," not a CRA under the Act, and it is therefore not liable under this provision. Moreover, the provision in § 1681e that does apply to resellers, § 1681e(e), merely requires resellers to establish reasonable procedures to ensure the report is solely used for a permissible purpose under § 1681b. Walters has not alleged that the report was sold for an improper purpose, and therefore has not stated a claim under this section. Accordingly, Walters' claims under 15 U.S.C. § 1681e should be dismissed.[3]

Walters also brings claims under 15 U.S.C. § 1681i(a)(6)(B) & (7). He requests damages for both negligent (15 U.S.C. § 1681o) and willful (15 U.S.C. § 1681n) violations. These sections require certain notices of the results of the reinvestigation to the consumer. For example, § 1681(a)(6)(B) requires the CRA to provide: (1) notice that the reinvestigation was completed; (2) a

---

[3] Sentry Link questions—justifiably, in the Court's view—whether "Fred Lewis," Walters' alleged prospective employer, actually exists or requested the report at all. *See* Dkt. No. 20 at 2 n.1 ("Defendant's counsel has serious doubts that Kava Kava Austin or its owner, 'Fred Lewis,' do or ever did exist."). Sentry Link states that it has been unable to reach Fred Lewis. One number Walters gave went to a Geico representative, the other went to voicemail, and there has been no response. As of the time of the motions for summary judgment, Walters had not yet been deposed, having failed to appear for the deposition scheduled in December 2017. Thus, the only evidence that "Fred Lewis" offered Walters a consulting contract, and later rescinded the offer based on the background check, comes from Walters' declarations and a copy of what Walter's claims was the alleged consulting contract—a contract the Court finds hard to believe is what it purports to be. The Court's review of the records leaves a serious question regarding whether Walters has fabricated the entire factual basis for this lawsuit.

revised report; (3) notice that the CRA must provide a description of procedures, if the consumer requests this disclosure; (4) notice that the consumer may add a statement to the file disputing the accuracy; and (5) notice that the consumer can request that the CRA furnish notifications. Similarly, § 1681i(a)(7) requires the CRA to provide a description of the reinvestigation procedures once the consumer has requested such a report. These claims should be dismissed.

Sentry Link first argues that as a reseller, it is not subject to these provisions. However, § 1681i(f)(3)(B) requires a reseller to convey these notices to the consumer once it has received the reinvestigation report from the CRA. On the other hand, the Court agrees that Walters has failed to allege a plausible claim for relief under this section. First, Walters has stated that he received notice that the reinvestigation was completed and the revised report. Dkt. No. 22-5 at 3; Dkt. No. 25-1 at 6; *see also* Dkt. No. 20-1 at 56 (showing an email to Walters with the results of the reinvestigation and the revised report); Dkt. No. 22-8 at 16–17 (same). Also, Walters has not pled that he requested a description of the reinvestigation procedures, as required to show a violation of § 1681i(a)(7). *See* Dkt. No. 14 at 3; Dkt. No. 22-5 at 3; *cf. Baker v. Capital One Bank*, 2006 WL 2523440, at *10 (D. Ariz. Aug. 29, 2006) (granting summary judgment on this claim when there was no evidence that the plaintiff had made such a request). Thus, the only claims remaining are those for the three notices. However, Walters cannot show that he suffered damage as a result of any lack of notice, a required element of negligent noncompliance under § 1681o. In his complaint and both of his declarations, Walters states that his damages were due to the alleged inaccuracies in the report, not due to the lack of notice. Dkt. No. 22-5 at 3 ("Based on the continued inaccurate information that was reported, Fred Lewis decided that he could not hire me for the position."). As such, Walters has failed to allege any actual damages as a result of the alleged failure.

8

This leaves only Walters' claim for statutory damages under § 1681n. This section allows for either "actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A). To receive statutory damages, Walters must show that Sentry Link "willfully fail[ed] to comply" with the FCRA. *Id.* "Willfully" has been interpreted by the Supreme Court to encompass "reckless disregard of statutory duty." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–58 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Here, Walters has failed to allege any facts to support a "willful" violation, as opposed to a negligent one. In fact, Walters' complaint solely states that Sentry Link failed to comply with each of the provisions alleged above. A mere conclusory allegation that this was "willful" is insufficient. Therefore, Walters' claims under § 1681i(a)(6)(B) & (7) should be dismissed.[4]

**B.    State Law Claims**

Walters additionally brings a number of state law claims. These include: negligence and gross negligence, promissory estoppel, and violations of TEX. BUS. & COMM. CODE § 20.06 and the DTPA. Sentry Link first contends that Walters has failed to allege plausible claims for relief under each of the claims. It further argues that the negligence and gross negligence claims are preempted by the FCRA. Finally, Sentry Link contends that Walters has no evidence to support his claims.

---

[4] Moreover, courts have held that proving that a report is inaccurate is a required element of a claim under § 1681i. The courts do not appear to distinguish the notice requirements from the reinvestigation requirements. As such, it appears that a failure to prove that the report is inaccurate requires dismissal of all claims under § 1681i. Regardless, Walters has failed to prove the other elements of each of the above claims.

9

1. **Negligence and Gross Negligence**

First, the negligence and gross negligence claims rely on violations of the FCRA. Because summary judgment on the FCRA claim is warranted, Walters' negligence and gross negligence claims should be dismissed. *See Noel v. Bank of Am.*, 2012 WL 5464608, at *6 (N.D. Cal. Nov. 8, 2012) (finding that negligence per se claims based on dismissed claims for violations of the FCRA fail). Moreover, claims for negligence brought for the same underlying actions as FCRA claims are preempted by 15 U.S.C. § 1681h(e), unless the plaintiff can show that the defendant acted with "malice or willful intent to injure." Here, Walters has failed to present any evidence that Sentry Link acted with malice or willful intent to injure. In fact, as discussed at length above, all of the evidence presented shows that Sentry Link complied with all of its obligations.

2. **Promissory Estoppel**

Walters' claim for promissory estoppel should also be dismissed. To make a claim for promissory estoppel, a plaintiff must show: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Here, even assuming that Sentry Link promised to reinvestigate the alleged inaccuracies, Walters has failed to provide any evidence that he relied on this promise to his detriment. Instead, as noted multiple times in this opinion, Walters was given notice that a reinvestigation was completed, and a revised report issued. Dkt. No. 22-5 at 3; Dkt. No. 25-1 at 6; Dkt. No. 20-1 at 56; Dkt. No. 22-8 at 16–17. The fact that the revised report did not correct the "inaccuracies" cited by Walters does not show that Sentry Link failed to fulfill its promise.

Moreover, Walters' declarations cannot provide *prima facie* evidence that he relied to his detriment on Sentry Link's "promise" to reinvestigate. As shown by Sentry Link, Walters' declarations contradict each other on the issue of whether the contractor position was held open for

him while the reinvestigation took place. Dkt. No. 25 at 2–3. In one—provided to Sentry Link in discovery— he states that Fred Lewis told Walters that he could not hire him based on the report. Dkt. No. 25-1 at 6 (stating that "Fred decided that I would not be hired for the consulting job based on the information that the background report [prior to requesting the reinvestigation] contained"). In the other—which was attached to Walters' response—Walters claims that Fred Lewis agreed to wait on the results of the reinvestigation. Dkt. No. 22-5 at 3 (stating that "Fred agreed to withhold his decision on hiring me until after I asked for a reinvestigation of the background report"). These contradicting declarations cannot provide support for Walters' claim. Moreover, Sentry Link has provided evidence that a reinvestigation was completed and sent to Walters, and Walters has not provided *any* evidence to the contrary. Dkt. No. 20-1 at 56; Dkt. No. 22-8 at 16–17. In fact, both of his declarations state that he received the revised report. Dkt. No. 22-5 at 3; Dkt. No. 25-1 at 6. His mere assertions, without any evidence, that the revised report still contained inaccuracies is insufficient to survive summary judgment on this claim.

    **3.**     **Texas Statutory Claims**

Similarly, Walters' claim under the TEX. BUS. & COMM. CODE § 20.06 fails. Here, as shown above, Walters has failed to provide any evidence that the report was inaccurate, that Sentry Link failed to reinvestigate his claim, or indeed that Sentry Link was required to reinvestigate the claim. Instead, Sentry Link has presented evidence that it fulfilled its obligations, to which Walters has solely responded with two competing declarations, neither of which sufficiently create a genuine issue of material fact on this issue.

Finally, Walters' claim under the Texas Deceptive Trade Practices Act should be dismissed. To prove a violation of the DTPA, a plaintiff must show: (1) that he was a consumer with regard to the transaction; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) the acts

11

were a producing cause of the plaintiff's injuries. TEX. BUS. & COMM. CODE § 17.46; *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). Once again, assuming that Walters is a consumer for purposes of the statute,[5] he has failed to show any false, misleading, or deceptive acts by Sentry Link. Thus, summary judgment should be granted on Walters' state law claims.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** the Defendant's Motion for Summary Judgment (Dkt. No. 20), and **DISMISS** this case **with prejudice.**

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

---

[5] Sentry Link argued that Walters was not a "consumer" under the statute. To qualify as a consumer under the DTPA, a person must have sought or acquired goods or services by purchase or lease. *Hurd v. BAC Home Loans Serv.*, LP, 880 F. Supp. 2d 747, 765 (N.D. Tex. 2012). Here, no one disputes that Walters was the one who purchased the criminal background check. Thus, he would likely be a consumer under the statute.

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of May, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE